FRIEDMAN DUMAS & SPRINGWATER LLP
CECILY A. DUMAS (S.B. NO. 111449)
150 Spear Street, Suite 1600
San Francisco, California 94105
Telephone: (415) 834-3800
Fax: (415) 834-1044
Email: cdumas@friedumspring.com

Attorneys for
PAREXEL INTERNATIONAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In Re | Case No. 09-50250 ASW |
|---|---|
| COGENTUS PHARMACEUTICALS, INC., fdba AMPLIFY THERAPEUTICS, INC., | Chapter 7 |
| Debtor, | **LIMITED OBJECTION OF PAREXEL INTERNATIONAL CORPORATION TO TRUSTEE'S EX PARTE APPLICATION TO APPROVE FINDER'S FEE FOR PROCURING BUYER OF INTANGIBLE ASSETS** |

TO THE HONORABLE ARTHUR S. WEISSBRODT, UNITED STATES BANKRUPTCY JUDGE:

PAREXEL International Corporation ("PAREXEL"), the largest scheduled unsecured creditor and a party-in-interest in this Chapter 7 proceeding, hereby objects, on a limited basis, to the Ex Parte Application to Approve Finder's Fee for Procuring Buyer of Intangible Assets (the "Application to Approve Finder's Fee") filed by the Chapter 7 trustee's, Suzanne L. Decker (the "Trustee"). As grounds therefore, PAREXEL states as follows.

FACTS

1. Cogentus Pharmaceuticals Inc., fdba Amplify Therapeutics, Inc. ("Debtor" or "Cogentus"), was a startup company funded by investor capital whose product was still in the clinical trial stages. Its only product candidate was a drug that was in Phase 3 trials at the time

{00423737.DOC v 1}

1. its investors cut off funding. The drug was a combination product known as CGT-2168, and is described in various press releases and patent filings as a fixed dose combination of clopidogrel 75mg and omeprazole 20mg. CGT-2168 is to be used in connection with certain cardiac conditions.

2. PAREXEL was engaged by Cogentus under a Master Services Agreement, dated December 1, 2007 (the "Initial MSA"), to conduct certain services with respect to the above-described drug trials on behalf of and as agent for Cogentus. That initial agreement was terminated because of Cogentus' breach of its payment obligations, and the parties entered into a new Master Services Agreement, dated January 1, 2009 (such agreement, together with all exhibits, schedules and work orders thereto, the "Second MSA" and, together with the Initial MSA, the "MSA"). As a result of services rendered by PAREXEL to Cogentus under the MSA, PAREXEL is Cogentus' largest creditor, and is scheduled for more than $13.0 million accounting for more than 80% of Cogentus' unsecured claims.

3. By a letter dated January 16, 2009, Cogentus notified the Food and Drug Administration ("FDA") that Cogentus was terminating the clinical trials and its business.

4. On January 16, 2009, Cogentus filed a petition under Chapter 7 for relief under Title 11 of the United States Code (the "Code").

5. On February 26, 2009, the Trustee filed the Application to Approve Finder's Fee in which the Trustee sought Bankruptcy Court approval to pay to former officers of Cogentus a finder's fee if the officers procure a buyer for estate's intangible assets (other than litigation claims and choses in action) and all information related to the trials and other assets, including goodwill. The amount of the proposed finder's fee is 22.5% in the aggregate.

6. PAREXEL objects to the scale of the finder's fee on the basis that it may yield a disproportionately high payment to the former officers, and requests that the Court limit the amount of fees that may be paid to the former officers as a result of their efforts to sell the estate's assets.

# ARGUMENT

7. On its face, a 22.5% finder's fee is inordinately high as compared to fees typically paid to finders in sales transactions.

8. In the Application for Finder's Fee, the Trustee explains her rationale for seeking Court approval for a finder's fee, rather than utilizing a more traditional approach of hiring a business broker or investment bank and, if necessary, paying the former officer's for work performed..

9. PAREXEL does not purport to substitute its judgment for that of the Trustee and recognizes that the Trustee may have good reasons for requesting approval of a finder's fee, rather than using another payment mechanism to fund the costs of a sale of the intangible assets.

10. PAREXEL does not dispute that if the sale proceeds were relatively low, the Trustee could have a reasonable basis to conclude that a 22.5% fee should be paid.

11. However, in the event that the sale proceeds are substantial, the proposed 22.5% finder's fee could result in a wholly disproportionate payment to the former officers. Such a result would be inequitable and harm PAREXEL and the other creditors of the estate by depriving them of a fair share of the sale proceeds.

12. PAREXEL suggests that the proposed finder's fee be scaled in such a way to avoid a disproportionately high compensation to the former officers. For example, the finder's fee could be 22.5% for the first $200,000 of gross proceeds, 12.5% for the next $200,000 of gross proceeds, and then level off at 5% for all additional amounts. PAREXEL submits that such a fee structure would preserve the incentives for the former officers to work to find a buyer, but at the same time limit the unintended result of the former officers receiving an inordinately high payment for their efforts.

13. PAREXEL reserves all of its rights with respect to PAREXELS's ownership of or rights to any data, information or other assets purported to be sold by Cogentus.

14. Accordingly, PAREXEL respectfully requests that this Court (1) deny the Application for Finder's Fee to the extent that it provides for a flat fee of 22.5%, (2) enter an

- 3 -

Case: 09-50250    Doc# 24    Filed: 03/05/09    Entered: 03/05/09 12:48:47    Page 3 of 4

1 | order approving a scaled finder's fee, and (3) enter such other and further relief as would be just.

3 | Dated: March __, 2009

Respectfully submitted,

FRIEDMAN DUMAS & SPRINGWATER LLP

By:_____
Cecily A. Dumas, Attorneys for PAREXEL International Corporation